IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Court Judge Richard P. Matsch

Civil Action No. 08-cv-02584-RPM

SICANGU WICOTI AWANYAKAPI CORPORATION,
OGLALA SIOUX (LAKOTA) HOUSING,
TURTLE MOUNTAIN HOUSING AUTHORITY,
WINNEBAGO HOUSING AND DEVELOPMENT COMMISSION,
LOWER BRULE HOUSING AUTHORITY,
SPIRIT LAKE HOUSING CORPORATION, and
TRENTON INDIAN HOUSING AUTHORITY,

       Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;
JULIAN CASTRO, Secretary of Housing and Urban Development;
DEBORAH A. HERNANDEZ, General Deputy Assistant Secretary for Public and Indian Housing; and
GLENDA GREEN, Director, Office of Grants Management, Office of Native American Programs,

       Defendants.

---

ORDER FOR ENTRY OF JUDGMENTS

---

       Upon review of the Plaintiffs' Supplemental Brief Pursuant to the Court's Order dated July 10, 2014 [#82] and the Defendants' Response [#83], the Court finds and concludes that the amounts of money that HUD actually recovered from the Plaintiff Tribes are as the Plaintiffs claimed in their proposed form of judgment submitted on April 15, 2014 [#74-1]. SWA Corp., Oglala Sioux and Turtle Mountain sought increases and HUD asserted that nothing is owed to

SWA, Oglala Sioux and Winnebago and that the amounts sought by other plaintiffs must be reduced by substantial amounts because the exchanges in the administrative record show that these Tribes admitted or acknowledged that units had been conveyed or did not exist and instances in which a Tribe failed to provide requested information or did not object to recapture, impliedly acknowledging conveyances.

The plaintiffs assert that the recaptures were precluded by 24 C.F.R. § 100.532 prohibiting recapture of funds already expended on affordable housing activities. They point to pages printed from HUD's Line of Credit Control System ("LOCCS") showing approval of expenditures. Those pages were submitted with the Statement of Relief Requested and Motion to Supplement, filed on March 14, 2013 [#59]. The proposed submission is rejected because these pages show approved withdrawals from the accounts but not the purposes of the expenditures.

This Court has made a considerable effort to examine the administrative record to resolve these disputes and is unable to do so. As previously observed the process used was so informal, fluid and ill defined that no factual findings supporting the recaptures can be discerned. The deference given to factual findings by an agency required under APA review is not possible.

There would be no such difficulty if HUD had provided the hearings that were required as this Court has previously ruled. The decision making process used to effect these recaptures was arbitrary and capricious. Accordingly, the recaptures were final agency actions which must be vacated and the plaintiffs are entitled to recovery of those funds.

Accordingly, final judgments will be entered for each of the Tribes as they requested in their filing made on April 15, 2014.

SO ORDERED.

Date: September 22, 2014

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge